# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-590

**DELHI PLANTATION, LLC, ET AL.**

**VERSUS**

**FIFTH LOUISIANA LEVEE DISTRICT &
STATE OF LOUISIANA**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 50997
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Wilbur L. Stiles, and Clayton Davis, Judges.

**AFFIRMED.**

**John D. Crigler, Jr.**
**Bishop Paxton Crigler & Moberley**
**124 Hancock Street**
**St. Joseph, LA 71336**
**(318) 766-4892**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     **Fifth Louisiana Levee District**

**James R. Boyd**
**Attorney at Law**
**1001 North E.E. Wallace Blvd.**
**Ferriday, LA 71334**
**(318) 757-3000**
**COUNSEL FOR APPELLEE:**
     **Concordia Parish Clerk of Court**

**PICKETT, Chief Judge.**

In this suit to determine the value of land appropriated by a levee board, the Board of Commissioners, Fifth Louisiana Levee District (the Levee Board) appeals a judgment of the trial court casting the Levee Bord with court costs in the amount of $16,335.14.

## FACTS

The Levee Board notified the plaintiffs in this suit, Allred Land Company, Inc., Delhi Plantation, LLC, and Richard Allwood, that it intended to appropriate land adjacent to the Mississippi River for the purpose of improving and expanding levees. Each of the plaintiffs rejected the compensation offered by the Levee Board. The plaintiffs filed suit against the Levee Board and the Louisiana Department of Transportation and Development (DOTD) on October 4, 2017. Following a bench trial held over five days in September and December 2021, the trial court awarded the following amounts:

| | |
|---|---|
| Richard Allwood | $686,511.21 |
| Delhi Plantation | $940,995.89 |
| Allred Land Company | $292,833.86 |

In its July 20, 2022 judgment, the trial court awarded "judicial interest from the date of the taking of the lands on April 6, 2015, as this is an appropriation proceeding and not an expropriation proceeding." The trial court further ordered that court costs and expert witness fees would be assessed against the defendants following a contradictory hearing.

The Levee Board appealed the amount of damages awarded. While that appeal was pending, the court held a hearing on the plaintiffs' Motion for Costs and Attorney Fees. In a judgment rendered December 1, 2022, the trial court awarded attorney fees to the plaintiffs in the amount of $440,570.49 pursuant to La.R.S. 38:301(C)(2)(f). The trial court set the court costs at $173,054.34 with interest from the date of judicial demand. The Levee Board was ordered to pay

75% of the court costs, and DOTD was ordered to pay 25% of the court costs.[1] The Levee Board also appealed that judgment.

In *Delhi Plantation, LLC v. Fifth Louisiana Levee Dist.*, 22-666 (La.App. 3 Cir. 5/24/23), 371 So.3d 470, *writs denied*, 23-1127, 23-1141 (La. 11/15/23), 373 So.3d 74, 81 (*Delhi Plantation I*), this court reversed the trial court's judgment awarding compensation to the plaintiffs for some elements of damages, lowered the awards for other elements of damages, dismissed the claims against DOTD, and rendered judgment in favor of the plaintiffs and against the Levee Board in the following amounts:

| | |
|---|---|
| Richard Allwood | $57,819.05 |
| Delhi Plantation | $26,529.86 |
| Allred Land Company | $18,052.65. |

After the supreme court denied the writ applications of both the plaintiffs and the Levee Board, the Levee Board sent checks in the amount ordered by this court to each of the plaintiffs. These payments did not include interest.[2]

In the appeal from the judgment awarding attorney fees and court costs, this court reversed and set aside the award of attorney fees and court costs to the plaintiffs, as the amount awarded by this court in the *Delhi Plantation I* was less than the amounts originally offered to each plaintiff. *Delhi Plantation, LLC v. Fifth Louisiana Levee Dist.*, 23-83 (La.App. 3 Cir. 4/24/24), 387 So.3d 767 (citing La.R.S. 38:301(C)(2)(f)). This court also reversed the award of legal interest on the attorney fees and court costs assessed by the trial court.

On April 2, 2024, the Clerk of Court of Concordia Parish filed a Rule to Show Cause with the trial court seeking an order to set a hearing to determine the definite dollar amount of court costs pursuant to La.R.S. 13:5112. The trial court

---

[1] The original December 1, 2022 judgment incorrectly cast the Department of Natural Resources with court costs. The trial court issued an amended judgment on December 9, 2022, substituting DOTD for DNR.

[2] In a separate opinion issued this date, we address the issue of interest due on the judgment rendered by this court in *Delhi Plantation I*.

held a hearing on June 20, 2024 and ordered the Levee Board to pay court costs in the amount of $16,335.14.[3]

The Levee Board appeals that judgment.

## ASSIGNMENT OF ERROR

The Levee Board assigns one error:

> The trial court erred when it awarded costs against the Levee District after the final judgment of the court of appeal had reversed that award.

## DISCUSSION

The Levee Board argues that this court reversed the award of costs due to the clerk in *Delhi Plantation I*. The opinion of this court in *Delhi Plantation I*, though, did not discuss costs due to the clerk. The trial court's original judgment from which that appeal was taken apportioned court costs between the Levee Board and DOTD but held that the amount of said court costs would "be determined and fixed by this Court after a subsequent contradictory hearing to be duly scheduled and held by Motion and Rule upon request." A trial court retains jurisdiction to set and tax costs after an appeal is taken pursuant to La.Code Civ.P. art. 2088(A)(10). "La.R.S. 13:5112(A) requires that court costs assessed against the state or any political subdivision thereof be expressed as a dollar amount in a judgment or appellate court decree." *Schexneider v. Louisiana Dep't of Health & Hosps.*, 95-32, p. 8 (La.App. 3 Cir. 6/14/95), 660 So.2d 508, 513.

As we have noted, the trial court subsequently issued a judgment against the Levee Board for expert witness fees taxed as court costs and for attorney fees. As explained above, this court reversed those awards against the Levee Board in *Delhi Plantation II*. Until the clerk of court filed the rule to assess costs pursuant to

---

[3] The trial court initially rendered a judgment with improper decretal language. This court remanded the matter to the trial court to enter an amended judgment that identified the parties for and against whom the judgment was rendered.

3

La.R.S. 13:5112, the issue of costs due to the clerk of court had not been properly submitted to any court for adjudication.

Louisiana Revised Statutes 13:4521 allows a political subdivision to defer court costs. Section A, as relevant to the issues before us, states:

> (A)(1) Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as provided in this Subsection, the state, any political subdivision as defined in this Section, and any agent, officer, or employee of any such governmental entity when acting within the scope and authority of such employment or when discharging his official duties may temporarily defer court costs, including cost of filing a judgment dismissing claims against the state, political subdivision, or agent, officer, or employee thereof, in any judicial proceeding instituted or prosecuted by or against the state, any political subdivision, or agent, officer, or employee thereof in any court of this state or any municipality of this state, including particularly but not exclusively those courts in the parish of Orleans and the city of New Orleans. . . . Costs which are temporarily deferred pursuant to this Section cannot be shifted to opposing parties during the pendency of such deferment; however, when a final judgment is rendered dismissing all claims against the state, a political subdivision, or agent, officer, or employee thereof and when the judgment taxes costs of the state, political subdivision, or agent, officer, or employee thereof against the opposing party in accordance with the provisions of Code of Civil Procedure Article 1920, the opposing party shall be condemned to pay the temporarily deferred court costs.
>
> …
>
> (5) As the term is used in this Section, "political subdivision" means any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, agency, authority, or an agency or subdivision of any of these, and any other public or governmental body of any kind which is not a state agency.

"[T]he court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La.Code Civ.P. art. 1920. "It is well settled that a trial court has broad discretion in the assessment of court costs." *Davis v. Sonnier*, 96-515, p. 18 (La.App. 3 Cir. 11/6/96), 682 So.2d 910, 920. Further, with respect to court costs payable by the state or a political subdivision, La.R.S. 13:5112(A) states:

> In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or

appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.

Susan Vaughan, the chief deputy clerk of court for Concordia Parish, testified that the Levee Board incurred court costs of $2,847.74, of which they had paid nothing. The costs incurred by the Levee Board for the appeal in *Delhi Plantation I* were $14,891.00, and the Levee Board had paid $2,100.00 in transcription fees. In the second appeal, the Levee Board incurred $1,052.40 in costs with the clerk's office, of which they paid a transcription fee of $54.00. The trial court ruled that the Levee Board would be ordered to pay the costs that they had deferred pursuant to La.R.S. 13:4521 in the amount of $16,335.14.[4]

The mandatory fee shifting procedure in La.R.S. 13:4521(A)(1) is not implicated in this case, as all claims against the Levee Board were not dismissed. Thus, the trial court had the authority, under La.Code Civ.P. art. 1920, to assess court costs as it determined equitable. We find the trial court did not abuse its broad discretion in ordering the Levee Board to pay the court costs incurred by the Levee Board with the Concordia Clerk of Court's office. The judgment of the trial court is affirmed.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal, in the amount of $706.50, are assessed to the Levee Board.

**AFFIRMED.**

---

[4] There is a $2.00 discrepancy between the sum of the amounts listed by Deputy Clerk Vaughan and the amount awarded by the trial court.

5